J-S13018-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                               :            PENNSYLVANIA
           Appellee           :
                               :
              v.                  :
                               :
KENNETH HAYWOOD HARRIS, JR.    :
                               :
          Appellant         :        No. 1228 MDA 2021

Appeal from the Judgment of Sentence Entered July 2, 2020
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0005049-2019

BEFORE:    STABILE, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.:                        **FILED MAY 10, 2022**

Appellant, Kenneth Haywood Harris, Jr., appeals *nunc pro tunc* from the judgment of sentence entered in the York County Court of Common Pleas, following his negotiated guilty plea to failure to provide accurate registration information.[1] We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. On July 2, 2020, Appellant entered a negotiated guilty plea to failure to provide accurate registration information. Appellant executed a written guilty plea colloquy, and the court conducted an oral colloquy to confirm Appellant's plea was knowing, intelligent, and voluntary. During the oral plea colloquy,

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 4915.2(a)(3) (regarding failure to provide accurate information for sex offender registration).

Appellant admitted that he provided inaccurate registration information between June 1, 2019 and June 28, 2019. The court accepted the plea as knowing, intelligent, and voluntary, and the court imposed the negotiated sentence of 7 to 14 years' imprisonment. Appellant timely filed post-sentence motions claiming, *inter alia*, the sentence imposed was "illegal" based on a miscalculation of Appellant's prior record score. Following a hearing on August 3, 2020, the court denied relief. Appellant did not pursue a direct appeal.

On April 6, 2021, Appellant filed a *pro se* petition for collateral relief under the Post Conviction Relief Act ("PCRA").[2] The court appointed counsel on April 19, 2021. On September 3, 2021, by agreement of the parties, the court reinstated Appellant's direct appeal rights *nunc pro tunc*. Appellant timely filed a *nunc pro tunc* notice of appeal on September 14, 2021. The next day, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely filed a Rule 1925(b) statement on September 20, 2021.

Preliminarily, appellate counsel seeks to withdraw representation pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record,

---

[2] 42 Pa.C.S.A. §§ 9541-9546.

counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super. 2007).

In **Santiago, supra**, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw:

> Neither **Anders** nor **McClendon**[3] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.
>
> \* \* \*
>
> Under **Anders**, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth

---

[3] **Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981).

- 3 -

counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 178-79, 978 A.2d at 361. After confirming that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. *Commonwealth v. Palm*, 903 A.2d 1244, 1246 (Pa.Super. 2006). *See also Commonwealth v. Dempster*, 187 A.3d 266 (Pa.Super. 2018) (*en banc*).

Instantly, appellate counsel has filed a petition to withdraw. The petition states counsel conducted a conscientious review of the record and determined the appeal is wholly frivolous. Following a directive from this Court, counsel also supplied Appellant with a copy of the brief and a proper letter explaining Appellant's right to retain new counsel or proceed *pro se* to raise any additional issues Appellant deems worthy of this Court's attention. In the *Anders* brief, counsel provides a summary of the facts and procedural history of the case and refers to relevant law surrounding Appellant's issues. Counsel further states the reasons for his conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of *Anders* and *Santiago*.

Counsel raises the following issue on Appellant's behalf: "Whether the honorable trial court erred in sentencing Appellant to an aggregate term of seven (7) to fourteen (14) years?" (*Anders* Brief at 4). Appellant has also

- 4 -

filed multiple *pro se* responses to the **Anders** brief challenging, *inter alia*: (1) the legality of his sentence; (2) the validity of his guilty plea based on his alleged illegal arrest; and (3) counsel's effectiveness.

Initially, we observe: "Settled Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea." **Commonwealth v. Lincoln**, 72 A.3d 606, 609 (Pa.Super. 2013), *appeal denied*, 624 Pa. 688, 87 A.3d 319 (2014). Additionally, "[a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing." **Id.** at 609-10 (holding defendant failed to preserve challenge to validity of guilty plea where he did not object during plea colloquy or file timely post-sentence motion to withdraw plea). **See also** Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i) (stating post-sentence motion challenging validity of guilty plea shall be filed no later than 10 days after imposition of sentence).

Additionally, a defendant who enters a negotiated guilty plea is precluded from challenging the discretionary aspects of his sentence. **See Commonwealth v. Dalberto**, 648 A.2d 16, 21 (Pa.Super. 1994), *cert. denied*, 516 U.S. 818, 116 S.Ct. 75, 133 L.Ed.2d 34 (1995) (stating "in a 'negotiated' plea agreement, where a sentence of specific duration has been made part of a plea bargain, it would clearly make a sham of the negotiated

plea process for courts to allow defendants to later challenge their sentence; this would, in effect, give defendants a second bite at the sentencing process").

Instantly, Appellant attempts to attack the "legality of his sentence" based on allegations that his prior record score was incorrect, which Appellant claims led to an "unfair" plea deal. Nevertheless, "a challenge to the calculation of a prior record score goes to the discretionary aspects, not legality, of sentencing." ***Commonwealth v. Shreffler***, 249 A.3d 575, 583 (Pa.Super. 2021). Because Appellant entered a negotiated guilty plea, he is precluded from advancing such a challenge on appeal. ***See Dalberto, supra***.

Regarding Appellant's challenge to the validity of his guilty plea, we note that the record does not demonstrate that Appellant preserved this claim orally at the guilty plea hearing or in a timely filed post-sentence motion. Thus, it is waived. ***See Lincoln, supra***. Moreover, Appellant appears to complain that his guilty plea was invalid because his arrest was unconstitutional. Nevertheless, Appellant's entry of a guilty plea constituted a waiver of any challenge concerning the propriety of his arrest. ***See id.***

Further, to the extent Appellant argues prior counsel were ineffective, those claims must await collateral review. ***See Commonwealth v. Rosenthal***, 233 A.3d 880 (Pa.Super. 2020) (stating general rule that ineffectiveness claims are not cognizable on direct appeal and must be deferred to collateral review under PCRA). Following our independent review

of the record, we agree the appeal is frivolous.  ***See Dempster, supra***; ***Palm, supra***.  Accordingly, we affirm and grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/10/2022